```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

United States of America     :
                             :
        v.                   :     File No. 2:03-CR-147
                             :
Josh Turner                  :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 546)

Defendant Josh Turner, proceeding *pro se*, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. The motion claims that defense counsel failed to correct errors in the Pre-Sentence Investigation Report ("PSR"), and was therefore ineffective. For the reasons set forth below, I recommend that Turner's § 2255 motion be DENIED.

### Factual and Procedural Background

On June 2, 2005, a Grand Jury returned an indictment charging Turner and several co-conspirators with conspiring to distribute 1,000 kilograms or more of marijuana. On December 15, 2005, pursuant to a plea agreement with the government, Turner pled guilty to distributing 100 kilograms or more of marijuana. In exchange for Turner's guilty plea, the government agreed to recommend a sentence at the low end of the Sentencing Guideline range, and that Turner receive credit for acceptance of responsibility.

The PSR indicated that Turner had been distributing large quantities of marijuana for several years. One specific calculation found that he had distributed between 400 and 700 kilograms of marijuana, primarily to college students, between 2000 and 2004. The quantities asserted in the PSR were in line with statements made by Turner in his post-arrest interview, as well as by suppliers and co-conspirators.

Turner was sentenced on April 3, 2006. At sentencing, the Court asked both Turner and his attorney whether the PSR contained any errors. Counsel responded that there were none that she was aware of, while Turner indicated that there were "[n]one that I can see." In keeping with the findings set forth in the PSR, the Court found that Turner had distributed between 400 and 700 kilograms of marijuana, resulting in a base offense level of 28 under the Sentencing Guidelines. Consistent with the government's recommendation with respect to acceptance of responsibility, the Court awarded a three-point reduction to an offense level of 25.

As to Turner's criminal history category, defense counsel argued that because of various non-violent offenses on his record, Turner did not deserve to be classified as a

Category VI offender, asking instead for a Category I classification.  The Court concluded that the appropriate classification was a Category IV, thereby decreasing Turner's Guideline range from 110 to 137 months to 84 to 105 months.  The Court ultimately sentenced Turner to 90 months in prison.  There was no appeal.

Turner's § 2255 motion contends that his attorney failed to correct certain factual errors in the PSR.  He claims that he tried to discuss the issue with his attorney, but that counsel ignored his input.  He does not specify which facts in the PSR were incorrect.  Turner also argues that the facts in the PSR should have resulted in an offense level of 28.  This claim is curious, since at sentencing the Court found that his base offense level would be 28, with a three-point reduction to 25 for acceptance of responsibility.[1]  The government opposes the motion,

---

[1] As the government notes in its opposition, the filed copy of Turner's § 2255 motion includes text that is cut off at the bottom of the page.  The cut-off portion is at the conclusion of Turner's base offense level claim, and appears to set forth the sentencing range he believes was used by the Court.  (Paper 546 at 6) ("Moreover, the facts relied on in the Pre-Sentencing Report should have been in the offense level of 28 which would be a sentence structure of 78 to 97 months and not [remainder unclear]."  Since the government noted this flaw, Turner has not supplemented the record with either a complete copy of the motion or a clarification.

arguing that Turner has failed to meet his burden on his ineffective assistance of counsel claim.

## Discussion

I. Habeas Corpus Standard

To prevail on a habeas corpus motion under § 2255, a defendant must demonstrate (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Although claims are generally barred if they were not directly appealed, a claim for ineffective assistance of counsel may be brought regardless of whether it was raised on appeal. Massaro v. United States, 538 U.S. 500, 504 (2003).

II. Ineffective Assistance of Counsel Standard

"[T]he proper standard for attorney performance is that of reasonably effective assistance." Strickland v. Washington, 466 U.S. 668, 687 (1984). The essence of an ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance

4

between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect. See Kimmelman v. Morrison, 477 U.S. 365, 374 (1986). Thus, a defendant must establish (1) that counsel made errors so serious that he was deprived of reasonably competent representation and (2) that counsel's deficient performance prejudiced the defense. See Hernandez v. United States, 202 F.3d 486, 488 (2d Cir. 2000) (citing Strickland, 466 U.S. at 687-691).

To satisfy the first prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. More specifically, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and the deficient performance so undermined the proper functioning of the adversary process that the trial cannot be relied upon as having produced a just result." Strickland, 466 U.S. at 687; see also United States v. DiTommaso, 817 F.2d 201, 215 (2d Cir. 1987). In conducting the ineffective assistance inquiry, the Court must maintain a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689. The Court

should recognize that counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. See id. at 690. To satisfy the prejudice prong, the petitioner must "affirmatively prove prejudice," demonstrating that "but for counsel's unprofessional errors, the result of the proceeding might have been different." Id. at 693-94.

III. Turner's Claims

Turner brings two closely-related claims. His first claim is that counsel did not "vigorously argue[] the Pre-Sentence Investigation Report where the information used was incorrect to assume the correct sentencing level in the degree of the sentence to impose on the petitioner." (Paper 546 at 6). His second claim is that he tried to discuss the alleged errors with his attorney but was ignored. Id. at 7.

The first flaw in Turner's argument is that he has failed to identify any actual errors in the PSR. It is well established that in order to succeed on a § 2255 motion, the defendant cannot merely claim general error, but must instead point to specific deficiencies in counsel's performance. See Roe v. Flores-Ortega, 528 U.S. 470, 482

(2000); U.S. v. Eyman, 313 F.3d 741, 743 (2d Cir. 2002) (rejecting claim because petitioner failed to indicate specific errors caused by counsel's alleged mental illness). Without any details about the alleged factual errors in the PSR, the Court cannot determine whether the failure to address those errors fell below an objective standard of reasonableness.

Turner's claim is also undermined by his own statement at sentencing. Despite his current assertion that the PSR was incorrect, and that he tried to alert his attorney to the errors, Turner stated at sentencing that we was unaware of any such errors. Accordingly, the court record belies Turner's claim, and casts serious doubt on the merit of his motion.

The record also shows that counsel was effective in obtaining for Turner a sentence that was lower than the one contemplated in the PSR. Specifically, counsel was able to argue for a lower criminal history category, thereby reducing Turner's sentencing range. Counsel also argued for the federal sentence to run concurrently with a state sentence, although this argument was unsuccessful. Nonetheless, it appears from the record that counsel's

7

efforts and performance fell easily within the range of constitutionally effective assistance, and with no specific allegations of ineffectiveness to counter this record, the Court should find that Turner has failed to meet his burden under Strickland.

Furthermore, even if Turner had shown that counsel was objectively ineffective, he has failed to show prejudice. His only attempt to indicate prejudice is his assertion that his offense level should have been 28. This claim, as noted above, ignores the fact that the Court assigned him a base offense level of 28, then proceeded to grant a reduction for acceptance of responsibility. Consequently, to the extent that Turner's objection to his offense level constitutes an attempt to show prejudice, his point is without merit.

## Conclusion

For the reasons set forth above, I recommend that Turner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence (Paper 546) be DENIED.

Dated at Burlington, in the District of Vermont, this 20th day of October, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).